UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HOWARD WEBSTER, JR.,
    Plaintiff,

vs.        11-1180,

ELDON KENNELL, et. al.,
    Defendants.

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for merit review of the Plaintiff's complaint and consideration of the Plaintiff's motion for appointment of counsel [d/e 4] and motion for a temporary restraining order or preliminary injunction.[d/e 5].

## I. MERIT REVIEW

The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se Plaintiff has named two Defendants at Pontiac Correctional Center: Chaplain Eldon Kennell and Warden Guy Pierce. The Plaintiff says the Defendants violated various constitutional rights when he was denied a religious diet. The Plaintiff says he is a Messianic Hebrew and must eat a kosher diet. The Plaintiff says other institutions in the Illinois Department of Corrections allowed his religious diet, but it was refused at Pontiac Correctional Center. The Plaintiff says as a result, he has been unable to eat a complete meal since his arrival and therefore is not receiving a nutritionally adequate diet and is losing weight as a result.

The court finds that the Plaintiff has stated a violation of his First Amendment rights. A prisoner is entitled to practice his or her religion as long as the practice does not unduly burden the institution. *Richards v White*, 957 F.2d 471, 474 (7th Cir. 1992). An inmate's right to exercise his religious beliefs is balanced against the legitimate goals of the institution. *Hadi v. Horn,* 830 F.2d 779, 783 (7th 1987). To constitute a violation of the First Amendment, the Plaintiff must demonstrate that the Defendants placed a substantial burden on the observation of a central religious belief or practice. *Wisconsin v. Yoder*, 406 U.S. 205, 220-21 (1972). If the Plaintiff is successful at crossing this hurdle, the Defendants must then show a compelling interest justifies the burden. *Id.* The court notes that the Seventh Circuit has "held that a prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition." *Nelson v Miller,* 570 F.3d 868, 879 (7th Cir. 2009).

However, the Plaintiff has not articulated a separate Eighth Amendment claim based on the denial of his kosher meal. The Eighth Amendment requires prisons to provide "nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). There is no violation "due to a prisoner's conscious and intentional refusal to eat certain portions (e.g. meat) of the food provided to him, even if such a refusal results in a sub-nutritional diet." *Maulding v Peters*, 1995 WL 461914 at 5 (N.D.Ill. Aug. 2, 1995); *see also Dove v. Broome County Correctional Facility*, 2011 WL 1118452 at 11 (N.D.N.Y. Feb, 17, 2011)(the Plaintiff cannot provide any authority for the proposition that the denial of kosher food in prison would rise to the level necessary to be deemed cruel and unusual under the Eighth Amendment). The Plaintiff has also not clearly articulated a due process claim based on the denial of this diet. *Russell v Wilkinson,* 2003 WL 22434752 (6th Cir. Oct. 24, 2003).

It is possible the Plaintiff can demonstrate a violation of the equal protection clause which "protects one from disparate treatment based on membership in a protected class, such as a religion." *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2009). In order for the Plaintiff to prevail on an equal protection claim, he must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an undefinable group of individuals. *Sherwin Manor Nursing Center v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). The Plaintiff seems to allege that a kosher diet is a basic tenet of his religion, but the Defendants refuse to provide that diet even though religious diets are provided to others. For the purposes of notice pleading, the Plaintiff has stated a violation of the equal protection clause.

## II. MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff has filed a motion for appointment of counsel stating that he is unable to afford counsel. [d/e 4] The Plaintiff has no constitutional or statutory right to appointment of counsel in this case. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not demonstrated that he has made any attempt to find counsel on his own. The motion is denied. [d/e 4]

## III. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The Plaintiff has also filed a motion for a temporary restraining order or preliminary injunction. The standards for a temporary restraining order and preliminary injunction are identical. *Graham v. Medical Mutual of Ohio,* 130 F.3d. 293, 295 (7th Cir. 1997) The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v Armstrong,* 520 U.S. 968, 972 (1997) *quoting* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2948(2d ed. 1995)  To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry,* 328 F.3d 300, 303 (7th Cir. 2003) (*citations omitted)*.  If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc,* 400 F.3d 1007, 1011 (7th Cir. 2005); *see also Lambert v Buss,* 408 F.3d 446, 451 (7th Cir. 2007); *Turley v Rednour*, 2011 WL 1897922 at 1 (S.D. Ill. May 18, 2011).

One additional principle guides the court's analysis in a the specific context of a prisoner's motion for preliminary injunction.  A section of the Prison Litigation Reform Act entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief.... 18 U.S.C.§3626(a)(2).

In his motion, the Plaintiff simply says he is losing weight and is not eating a nutritious diet.  The Plaintiff asks the court to order that he be allowed a kosher diet while at Pontiac Correctional Center and order that no Defendant retaliate against him.  In the alternative, the Plaintiff asks to be transferred to Dixon or Danville Correctional Center.

The Plaintiff provides no specific evidence of health problems or weight loss.  The Plaintiff does not point to any incidents of retaliation.   The Plaintiff asks to be transferred to facilities that have a lower security classification than his current institution.  The Plaintiff has not demonstrated that he lacks an adequate remedy at law or that he will suffer an irreparable harm without the injunction.  The Plaintiff has not met his burden and his motion is denied. [d/e 5]

**IT IS THEREFORE ORDERED that:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that: the Plaintiff alleges that the Defendants Chaplain Eldon Kennell and Warden Guy Pierce violated the Plaintiff's First Amendment rights and his Equal Protection rights at Pontiac Correctional Center based on the denial of a religious diet.   The Plaintiff says he is a Messianic Hebrew and a kosher diet is a central tenant of his faith.**

**2)  All other claims based on federal law, other than those set forth in paragraph**

one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel [d/e 4] and motion for a temporary restraining order or preliminary injunction are denied. [d/e 5]**

Entered this 16th of June, 2011.

                                s/Joe Billy McDade
                        _____
                                JOE BILLY MCDADE
                            UNITED STATES DISTRICT JUDGE